James A. Stroup State Controller Division of Accounts and Control Department of Administration 1525 Sherman, Room 706 Denver, CO 80203
Dear Mr. Stroup:
I am writing in response to your memorandum of January 25, 1982 which requests a legal opinion concerning review by the state controller of contracts entered into by the legislative branch of Colorado government. Your questions include a request for advice concerning the application of state fiscal rules to such legislative contracts.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Do the state fiscal rules apply to contracts entered into by the legislative branch?
My conclusion is yes.
2. Are legislative contracts subject to the requirements of C.R.S. 1973, 24-30-202(2)?
My conclusion is yes.
3. Are legislative contracts required to comply with the recently adopted procurement code?
 My answer is no, except that some provisions of the procurement code may apply if they are incorporated into the state fiscal rules or if the contract is one designated in the state constitution, as discussed below.
ANALYSIS
The authority for the state controller to review contracts entered into by the state or its departments, institutions or agencies is set out in C.R.S. 1973, 24-30-202. Subsection 1 of that statute requires each disbursement of state money to be supported by prior filing of a commitment voucher, a term which includes a copy of a contract. Subsection 2 of that statute requires the state controller to review each commitment voucher for the following purposes:
 to ascertain whether or not the proposed expenditure is authorized by the appropriation and allotment to which it is proposed to be charged, whether or not the prices or rates are in accordance with law or administrative rules or are fair and reasonable and whether or not the amount of the expenditure exceeds the unencumbered balance of the allotment.
(Emphasis added.)
Subsection 13(a) of C.R.S. 1973, 24-30-202 (Supp. 1981) requires the controller to promulgate fiscal rules to carry out the function of reviewing state contracts. On its face, subsection 13 applies only to the several departments, institutions (including any institution of higher education) and other state agencies, including their officers and employees. Absent any other provision of law, the state fiscal rules would not apply to legislative contracts.
There are, however, other applicable provisions of law. Section29, article V of the Colorado Constitution requires legislative contracts for the printing, binding and distribution of the laws, journals, department reports, and other printing and binding, as well as for repairing and furnishing the halls and rooms used for the meeting of the general assembly and its committees, to be approved by the Governor or his designee. As the Governor's designee, the controller may apply the fiscal rules and the procurement code before approving these particular contracts.
In addition, the general assembly has provided by statute thatall legislative department contracts must be approved by the state controller "in accordance with section 24-30-202, C.R.S. 1973." C.R.S. 1973, 2-2-320(2) (Supp. 1981). The effect of this statute is to extend the provisions of section 24-30-202, including the requirements of the fiscal rules promulgated pursuant to that section, to cover legislative department contracts as well as those of the executive branch.
The legislative directive contained in section 2-2-320(2) does not limit the application of C.R.S. 1973, 24-30-202 to less than all of the numerous subsections of that section. I therefore conclude that the express legislative language requires the controller to review legislative department contracts under the standards of subsection 24-30-202(2), including a determination that the prices or rates set forth in a legislative contract "are fair and reasonable." The controller may properly require whatever information or procedures reasonably necessary to satisfy him that this standard has been met.
Your final question is whether legislative contracts must meet the procedures and requirements of the new procurement code adopted by the general assembly in 1981, effective January 1, 1982. See articles 101 through 112, title 24, C.R.S. 1973 (Supp. 1981). (The Department of Administration has recently promulgated procurement rules pursuant to authority delegated by the procurement code.) The procurement code expressly applies to "publicly funded contracts entered into by all governmental bodies of the executive branch of the state. . . ." C.R.S. 1973,24-101-105(1) (Supp. 1981). I am not aware of any statutory provision which brings legislative contracts within the purview of the procurement code. Contracts subject to executive approval pursuant to section 29, article V of the Colorado Constitution may be subject to review under the standards of the procurement code if the controller feels it necessary for approval.
Amendments to the fiscal rules for 1982 adopted on February 23, 1982 will conform the fiscal rules to portions of the procurement code and rules. When the fiscal rules incorporate provisions similar, or identical, to provisions of the procurement code, then the fiscal rule provisions should properly be considered by the state controller in reviewing legislative contracts as well as executive contracts.
SUMMARY
It is my opinion that pursuant to C.R.S. 1973, 2-2-320(2) (Supp. 1981), legislative department contracts are subject to review by the state controller in accordance with the requirements of C.R.S. 1973, 24-30-202, including those standards set forth in the state fiscal rules for review of other state contracts.
Very truly yours,
 J.D. MacFARLANE Attorney General
LEGISLATURE CONTRACTS
C.R.S. 1973, 24-30-202
C.R.S. 1973, 2-2-320(2) C.R.S. 1973, 24-101-105(1)
Colo. Const. art. V, § 29
ADMINISTRATION, DEPT. OF Accounts Control Div. of LEGISLATIVE BRANCH General Assembly
Pursuant to C.R.S. 1973, 2-2-320(2) legislative department contracts are subject to review by the state controller in accordance with the requirements of C.R.S. 1973, 24-30-202, set forth in state fiscal rules for contract review.